```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

```
Innovation Industries, LLC,    )
                               )
     Plaintiff,                )
                               )
                               )
     v.                        )    No. 25 C 3157
                               )
                               )
The Partnerships Identified    )
on Schedule A,                 )
                               )
     Defendants.               )
```

Memorandum Opinion and Order

Innovation Industries, LLC ("Innovation") makes and purveys bird feeder accessories. Along with several others, instant defendants UMagic, Perbelee, and Sumnify marketed bird feeder accessories in violation of Innovation's copyrights. Innovation has moved for summary judgment and, in response, these three defendants have discharged counsel and absented themselves from the case. I grant Innovation's motion.

I.

Summary judgment is appropriate where the record shows that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue for trial exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The movant must identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) (citations omitted).

"[I]f the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 921 (7th Cir. 1994) (emphasis in original). Additionally, where the non-movant fails to respond to the movant's Local Rule 56.1 statement of fact, I "'will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy.'" *Id.* at 922 (quoting L.R. 56.1).

2

**II.**

Innovation sells heaters for hummingbird feeders which "support overwintering hummingbirds, particularly in colder climates." ECF 63 at 1.[1] Innovation holds the copyrights to its products. The instant defendants have been manufacturing and marketing what appear to be knockoffs of Innovation's hummingbird heaters with what appear to be photographs taken from its website. Defendants operate through Amazon.com storefronts, and they have collectively earned $640,844.95 in gross revenues from the sales of 25,385 products on Amazon. *Id.* at 12. Although they maintain different online stores under different names, defendants are operating in concert. *Id.* Defendants' combined balance on Amazon (generally, payments that have been made to sellers which those sellers have not yet withdrawn from Amazon's platform) is $15,654.46. *Id.* at 13.

Innovation sued defendants for copyright infringement under the Copyright Act, 17 U.S.C. § 501 *et seq*. Early in the case, I granted Innovation's unopposed motion for a preliminary injunction as to all defendants. The instant defendants entered their appearances in order to move for the vacation of that injunction,

---

[1] Defendants have not responded to either Innovation's motion for summary judgment or its Rule 56.1 statement, and I draw all facts from those filings. *Waldridge*, 24 F.3d at 922.

3

a motion which I granted in part. ECF 52. When Innovation moved for summary judgment, however, the instant defendants' only response was to fire their counsel. ECF 61; ECF 68. Innovation is seeking statutory damages in the amount of $150,000 per defendant, injunctive relief, and fees and costs.

### III.

To make out a copyright infringement claim, a plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991). The owner of a copyright may obtain a certificate of copyright, "which is *prima facie* evidence of its validity." *JCW Investments, Inc. v. Novelty, Inc.*, 482 F.3d 910, 915 (7th Cir. 2007) (citations omitted). Copying may be proven by direct evidence, or it may be inferred "where the defendant had access to the copyrighted work and the accused work is substantially similar to the copyrighted work." *Susan Wakeen Doll Col., Inc. v. Ashton Drake Galleries*, 272 F.3d 441, 450 (7th Cir. 2001) (citations omitted). A work is substantially similar if it "permit[s] an inference that the defendant actually did copy the original." *Peters v. West*, 692 F.3d 629, 633 (7th Cir. 2012).

Where a plaintiff establishes infringement, he can claim either "actual damages and any additional profits of the infringer"

or statutory damages. 17 U.S.C. § 504(a). Statutory damages are appropriate where it would be difficult to prove or to calculate actual damages. *See Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229 (7th Cir. 1991). A plaintiff can recover not more than $150,000 per defendant if the defendants' conduct is willful and not more than $30,000 per defendant if it is not. 17 U.S.C. § 504(c). In determining statutory damages, courts are "not required to follow any rigid formula" and may "consider various factors such as the difficulty or impossibility of proving actual damages, the circumstances of the infringement, and the efficacy of the damages as a deterrent to future copyright infringement." *Chi-Boy*, 930 F.2d at 1229 (citations omitted). District courts may award attorney's fees under the Copyright Act. *Id.* at 1230.

## IV.

Innovation owns the copyrights at issue. ECF 8-1 at 2. It hosts pictures and descriptions of its products on its website, where they are available to the general public. ECF 63 at 5. Defendants advertised and sold products closely resembling those under Innovation copyrights. *See* ECF 64-1 at 2-4. One of the pictures defendants used to market their apparent counterfeit merchandise was exactly the same in almost all respects as a picture that Innovation had both copyrighted and hosted on its website. ECF 63 at 4-11.

On these facts, I find that defendants infringed Innovation's copyrights. Innovation owned valid copyrights, defendants had access to the copyrighted work, and defendants' works (both the products and the photographs used to advertise them) were so similar to Innovation's copyrights as to give rise to the inference that defendants in fact copied Innovation's works. *Peters*, 692 F.3d at 633. I likewise find that defendants' infringement was willful—the replication of Innovation's products and the duplication of a photograph from Innovation's website is convincing evidence that defendants were aware the works they were using were copyrighted. *See Chi-Boy*, 930 F.2d at 1227–28.

Innovation has shown that defendants have taken in over $640,000 in gross revenue from their Amazon storefronts. ECF 63 at 12. A maximum statutory damages award would be less than that total, which does not take into consideration lost sales, whether defendants operated other storefronts, or whether defendants' operations otherwise damaged Innovation's reputation or standing in the marketplace.

As such, I award Innovation $150,000 per defendant, reasonable costs and fees, and reasonable injunctive relief consistent with this memorandum.

6

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: February 19, 2026